UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
In re:

JEFFREY KARPENSKI,

              Debtor.

Chapter 7

Case No. 8-19-70087-ast

-------------------------------------------------------------------------------x

# ORDER DENYING MOTION TO EXTEND TIME TO OBJECT TO THE
## DEBTOR'S DISCHARGE

**ON** July 8, 2019, the motion (the "Motion")[1] of Justin M. Block, Esq., of counsel to Sinnreich Kosakoff & Messina, LLP, attorneys for Premier Capital, LLC ("Premier") seeking an entry of an Order extending the deadline to object or otherwise move with respect to the Debtor's discharge. [dkt item 25]

On July 30, 2019, Debtor filed an Affirmation in Opposition to the Motion. [dkt item 26]

On February 11, 2020, a hearing on the Motion was held. At the hearing, the Court directed the parties to file either a joint or separate history of correspondence exchanges between the parties with an affidavit of diligence in production from the Debtor of requested documents by March 4, 2020.

On March 4, 2020, the parties filed a Joint Statement regarding correspondence between Debtor's counsel and Premier's counsel (the "Joint Statement"). [dkt item 28]

Movant failed to establish cause pursuant to Bankruptcy Rules 4004 and 4007 for an extension of the time to object or overwise move with respect to Debtor's discharge. The following factors are considered in evaluating whether cause is established in a request for extending deadlines set within Rules 4004 and 4007: "(1) whether the creditor has received

---

[1] All capitalized terms used but not herein defined shall have the meaning ascribed in the Motion.

sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues." *In re* Chatkhan, 455 B.R. 365, 368 (E.D.N.Y. 2011). The issue before this Court focused on factors three and four.

Both the record at the hearing and the Joint Statement demonstrate that Debtor did not refuse in bad faith to cooperate with Premier. Like the record in *In re* Chatkhan, the record in this case shows that Premier did not seek any form of discovery from Debtor with which Debtor failed to cooperate because Debtor provided all documents in his possession, communicated why some documents were not acquired by Debtor, and because Premier was the party who adjourned and never rescheduled the 2004 examination. *See* Joint Statement ¶ 6, 8, 10. Therefore, factor four "does not provide cause for an extension of time to object to discharge or dischargeability." *In re* Chatkhan, 455 B.R. at 368. Additionally, Premier never issued subpoenas for the documents Debtor indicated he was unable to acquire. *See* Order authorizing Premier Capital, LLC to issue subpoenas for the production of documents [dkt item 24]. Therefore, Premier did not exercise diligence and lacks cause under factor three to extend the deadline.

After reviewing the Joint Statement between Debtor's counsel and Premier's counsel, and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED,** that the Motion is DENIED.



Dated: April 10, 2020  
      Central Islip, New York

           **Alan S. Trust**  
      **United States Bankruptcy Judge**